IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID HENRY, M.D., ) | Civ. No. 17-00397 SOM-RLP |
| Plaintiff, ) | |
| ) | ORDER GRANTING PLAINTIFF'S |
| vs. ) | MOTION FOR VOLUNTARY |
| ) | DISMISSAL OF FEDERAL CLAIMS |
| THE QUEEN'S MEDICAL CENTER; ) | AND FOR REMAND |
| KATHLEEN MAH, M.D.; LESLIE ) | |
| CHUN, M.D.; ROBERT HONG, ) | |
| M.D.; ROBERT OHTANI, M.D.; ) | |
| MIHAE YU, M.D.; JOHN DOES 1- ) | |
| 50; JANE DOES 1-50; DOE ) | |
| PARTNERSHIPS 1-50; DOE ) | |
| CORPORATIONS 1-50; DOE ) | |
| ENTITIES 1-50; and DOE ) | |
| GOVERNMENTAL ENTITIES 1-50, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF FEDERAL CLAIMS AND FOR REMAND**

**I.      INTRODUCTION.**

Plaintiff David Henry, M.D., filed a Complaint in state court against Defendants The Queen's Medical Center ("QMC"); Kathleen Mah, M.D.; Leslie Chun, M.D.; Robert Hong, M.D.; Robb Otani, M.D.;[1] Mihae Yu, M.D.; and several Doe parties, asserting federal and state-law claims relating to the suspension of Henry's medical privileges at QMC. *See* ECF No. 7-9. Defendants removed the case to federal court based on federal question jurisdiction. *See* ECF No. 1.

---

[1] According to Defendants, the Complaint incorrectly named Robb Ohtani, M.D., as "Robert Ohtani, M.D." *See* ECF No. 46, PageID # 634.

Henry now seeks to voluntarily dismiss his federal due process claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Provided that the federal claims are dismissed, Henry also seeks remand of this case to state court. *See* ECF No. 36. Defendants do not oppose dismissal of the federal claims, but argue that they will suffer prejudice if the case is remanded to state court. *See* ECF No. 43, PageID #s 605-06.

Opting to decide this motion without a hearing pursuant to Local Rule 7.2(d), this court dismisses the federal claims asserted in the Complaint given the absence of any indication that Defendants will thereby suffer legal prejudice. The court further declines to exercise supplemental jurisdiction over the remaining state-law claims. Accordingly, the court grants Henry's motion for voluntary dismissal and motion for remand.

**II.     BACKGROUND.**

Henry alleges that he had privileges to practice at QMC from September 2015 until April 2016, when Mah informed Henry that his surgical privileges were suspended. *See* ECF No. 7-9, PageID #s 228, 231. The suspension is now in effect. *See* ECF No. 36-1, PageID # 455. Henry alleges that Defendants' true reason for the suspension is to drive him out of practice in Hawaii. *See* ECF No. 7-9, PageID # 232. Henry also alleges

that, in suspending him, Defendants have violated QMC's medical staff bylaws, contravened Mah's representations to him, and violated section 480-2 of Hawaii Revised Statutes, as well as his rights to fairness and due process. *See id.* at 231-33.

Henry filed an initial complaint in state court in April 2017 and an amended complaint ("Complaint") in July 2017. *See* ECF Nos. 7-3, 7-9. The Complaint asserted the following counts: "Breach of Contract/Promissory Estoppel" (Count I), "Denial of Common Law Fair Procedure Rights" (Count II), "Violations of Procedural and Substantive Due Process" (Count III), "Intentional Interference" (Count IV), "H.R.S. Chapter 480, Unfair Competition and Methods of Com[p]etition" (Count V), "Intentional Infliction of Emotional Distress" (Count VI), "Injunctive Relief" (Count VII), and "Declaratory Relief" (Count VIII). ECF No. 7-9, PageID #s 251-58.

In August 2017, Defendants removed the case to federal court, arguing that there was federal question jurisdiction over Henry's due process claims and the alleged violations of the Healthcare Quality Improvement Act of 1986 ("HCQIA") referenced in Counts II and III. *See* ECF No. 1, PageID #s 3-4; 42 U.S.C. § 11101 (1986).[2] Shortly thereafter, Defendants filed their answer to the Complaint. ECF No. 6. Over the next year, the

---

[2] Specifically, the Complaint alleges violations of §§ 11111(a), 11112, and 11151(9) of the HCQIA. *See* ECF 7-9, PageID # 239.

3

parties participated in several settlement conferences.  *See* ECF Nos. 20, 22, 33, and 35.

On May 18, 2018, both parties filed dispositive motions.  ECF Nos. 36, 37.  Henry filed a motion for voluntary dismissal of the federal due process claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and for remand under 28 U.S.C. § 1447(c).  ECF No. 36.  Defendants filed a motion for summary judgment.  ECF No. 37.  On June 20, 2018, Defendants also filed a motion to dismiss Henry's demand for punitive damages.  ECF No. 46.

**III.   STANDARDS OF REVIEW.**

**A.   Rule 41(a)(2) Voluntary Dismissal.**

Rule 41(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  When, as in the present case, an opposing party has served an answer, a plaintiff may voluntarily dismiss an action only by court order pursuant to Rule 41(a)(2).  Rule 41(a)(2) states, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion."

4

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Id.* (citation omitted). Therefore, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted).

"Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). Legal prejudice does not result from "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty." *Id.* at 96–97. "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976. Expenses incurred in defending a lawsuit do not amount to legal prejudice. *Westlands Water Dist.*, 100 F.3d at 97.

**B.  28 U.S.C. § 1447(c) Remand.**

Section 1447(c) provides, in part: "If at any time before final judgment it appears that the district court lacks

5

subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts have discretion to remand the remaining state claims. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). In addressing such a motion to remand, district courts should consider judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). In the usual case, "it is generally preferable for a district court to remand remaining pendant claims to state court." *Harrell*, 934 F.2d at 205.

**IV.     ANALYSIS.**

Because Defendants do not indicate that they will suffer any legal prejudice from dismissal of the federal claims, this court grants Henry's Rule 41(a)(2) motion for voluntary dismissal. This court declines to exercise supplemental jurisdiction over Henry's remaining state-law claims and grants Henry's motion for remand.

**A.     Henry's Federal Claims Are Dismissed.**

Henry asks this court to dismiss his federal due process claims, specifically "the claims in the [Complaint] arising under the United States Constitution (portions of Counts II, III)." ECF No. 36-1, PageID # 461. Defendants' notice of

6

removal was based on Henry's due process claims in Counts II and III, but also on the alleged violations of HCQIA referenced in Count III. *See* ECF No. 1, PageID #s 3-4; ECF No. 7-9, PageID # 253. In his motion, Henry clarifies that he asserts no *claims* under HCQIA. *See* ECF No. 36-1, PageID #s 461-62. Rather, he states that the Complaint's references to HCQIA relate to Defendants' potential *defenses*. *See id*. To the extent there is any confusion with respect to the federal claims asserted in the Complaint, Henry makes clear that "[b]y this Motion, Plaintiff intends to dismiss any claim that purportedly arises under federal law." ECF 36-1, PageID # 456.

Defendants do not argue that they will suffer any legal prejudice from dismissal of Henry's federal claims. In fact, Defendants insist that they will suffer prejudice if the federal claims are *not* dismissed. *See* ECF 43, PageID #606 ("Defendants cannot argue that they will suffer 'legal prejudice' unless the Court takes the extreme step of denying Plaintiff's Motion to Dismiss his baseless federal due process claims.").

Accordingly, the court dismisses all federal claims asserted in Henry's Complaint. *See Smith*, 263 F.3d at 975 ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will

7

suffer some plain legal prejudice as a result." *Smith*, 263 F.3d at 975 (footnote omitted).

### B. The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State-Law Claims.

Henry further seeks remand to state court, *see* ECF No. 36-1, PageID #s 470-71, requiring this court to consider whether it should exercise supplemental jurisdiction over the remaining state-law claims.

Supplemental jurisdiction is a doctrine of discretion, not of right. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Supplemental jurisdiction over state-law claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)); *see also* 28 U.S.C. § 1367. A court may decline to exercise supplemental jurisdiction over a state-law claim if: (1) the claim raises a novel or complex issue of state law; (2) the state-law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances,

there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

When, as here, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726. Such a dismissal is not "a mandatory rule to be applied inflexibly in all cases." *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*.

Defendants argue that they will be prejudiced by remand of the state-law claims and that the balance of factors weigh in favor of the court's exercise of supplemental jurisdiction. *See* ECF No. 43, PageID # 605-10. They argue that "this Court has already expended significant resources in the multiple lengthy settlement conferences, and the Defendants have incurred the additional expense of preparing their expert disclosure and Motion for Summary Judgment." ECF No. 43, PageID # 608. Defendants further argue that they will be inconvenienced by litigating in state court because they have already filed a motion for summary judgment in this court, and

that Henry's motion for remand is part of his strategy to delay and "obstruct the peer review process" at QMC. *See id.* at 609-10.

The court disagrees that the exercise of supplemental jurisdiction is appropriate here. Legal prejudice does not result from expenses incurred in defending a lawsuit, *see Westlands Water Dist.*, 100 F.3d at 97, or "because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage," *Smith*, 263 F.3d at 976. Moreover, the case is still at a relatively early stage; Defendants concede that they have not conducted discovery, and trial is not scheduled to begin for several months. *See* ECF 43, PageID #s 602-03. The fact that Defendants have filed a motion for summary judgment is of little persuasive value. Defendants' motion for summary judgment and Henry's motions for voluntary dismissal and remand were filed on the same day--the deadline for dispositive motions set by the court. *See* ECF Nos. 31, 36, and 37. Nothing prevents Defendants from refiling their motion for summary judgment in state court, after modifying the motion to reflect the dismissed federal claims.

Having dismissed the claims conferring federal question jurisdiction, and after considering the *Carnegie-Mellon* factors, this court declines to exercise supplemental

jurisdiction over the remaining state-law claims and remands this case to state court.

**V.    CONCLUSION.**

The court grants Henry's motion to voluntarily dismiss his federal claims and to remand the case to state court.

As a result of the remand, this court will not address Defendants' motion for summary judgment and their motion to dismiss Henry's demand for punitive damages.  The Clerk of Court is directed to terminate those motions in this action, to close this case, and to send a certified copy of this order to the Circuit Court of the First Circuit, State of Hawaii, noting the state case number of Civil No. 17-1-0569-04 in the transmittal. The court's termination of Defendants' motions should not be construed as an impediment to Defendants' refiling of the motions in state court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

David Henry, M.D. v. The Queen's Medical Center, et al., Civ. No. 17-00397 SOM-RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF FEDERAL CLAIMS AND FOR REMAND.